IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL E. LESKO, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-852 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial

evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff challenges the determination of the Administrative Law Judge ("ALJ") that she is not disabled, arguing that substantial evidence does not support the ALJ's determinations at Steps 4 and 5 of the sequential evaluation process. See 20 C.F.R. § 404.1520. Plaintiff's primary argument is that the ALJ improperly evaluated the opinions of her treating psychiatrist, Kenneth S. Thompson, M.D., and the consultative examiner, Frank Mrus, Ed.D. Tr. 16-23; 303-306; 208-215.

As a preliminary matter, the question of whether a person is disabled is a legal one that is reserved to the Commissioner of Social Security. 20 C.F.R. § 404.1527(d)(2). Nevertheless, as the Third Circuit has specifically recognized, the opinion of the plaintiff's treating physician is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citing 20 C.F.R. § 404.1527). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the Commissioner may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the Commissioner's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. Plummer, 186 F.3d at 429.

Dr. Thompson completed a Medical Statement in support of Plaintiff's application for disability benefits. R. 303-06. Such "checkbox" reports may constitute "weak evidence at best," Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993), in particular when such an opinion is inconsistent with the record evidence, which is the case here. Tr. 22; 197-98, 200, 203-04, 208-11. In addition, the ALJ properly considered Dr. Mrus' opinion, which was inconsistent with his own GAF assessment of 55. Tr. 20, 213.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:  Counsel of record